IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LINDSAY SPILSBURY,

    Plaintiff,

v.                                               No. 2:23-cv-00917-KWR-GBW

CARICE DEMCHOK,
VERA DEMCHOK and
SETH DEMCHOK,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff, who is proceeding *pro se*, filed a complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Doc. 2, filed October 18, 2023 ("Complaint"). Plaintiff alleged that Defendant Vera Demchok placed "an xhibit [sic] on our property" and harasses Plaintiff by electronically communicating with Plaintiff using the "xhibit." Complaint at 2-6. Plaintiff asserted claims regarding her "right to privacy . . . right to cognitive liberty, freedom of choice, speech, religion, cognitive liberty [sic], mental privacy, mental integrity and psychological continuity." Complaint at 4.

Chief United States Magistrate Judge Gregory B. Wormuth notified Plaintiff that:

> The Complaint fails to state a claim pursuant to Section 1983. "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). There are no factual allegations showing that Defendants were acting under color of state law. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

Order at 2, Doc. 5, filed October 20, 2023.  Judge Wormuth ordered Plaintiff to file an amended complaint.  *See* Order at 6.

Plaintiff filed her Amended Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983."  Doc. 7, filed November 3, 2023 ("Complaint").  Where the complaint form prompts plaintiffs to indicate whether defendants were acting under color of state law, Plaintiff marked the "Yes" boxes.  The complaint form also states "If your answer is 'Yes', briefly explain."  Plaintiff's explanations state: (i) Defendant Vera Demchok is "using my name and created 10 of my names and is committing a cell phone virus and identity theft there are 10 Lindsays in the system;" and (ii) Defendants Carice Demchok, Vera Demchok and Seth Demchok "are using my identity and creating a cell phone virus an using the government's system."  Amended Complaint at 1-2.

The Amended Complaint also alleges that: (i) Defendants "are committing a cell phone virus medical malpractice using google[']s services and Vera[']s T(Android)13 and changing my cell phone[']s system so they can allow Vera to mutilate my body;" (ii) "Vera is using my software on my cell phone and trying to murder me in my home;" (iii) Defendants Vera and Carice Demchok have taken documents and other items from Plaintiff's home; (ii) Defendants Vera and Carice Demchok's cell phones are operating under illegal software;" (iii) Defendant Vera Demchok "and her family are operating the[ir] AI in our home and on our heads bod[ies] and the[y're] commit[t]ing a deadly virus."  Amended Complaint at 2-5.

Plaintiff also filed a Motion to Proceed which asserts the "Demchok family have violated my civil rights" and contains allegations regarding Defendants' actions and the harm Plaintiff allegedly suffered due to those actions.  *See* Doc. 8, filed November 3, 2023.

2

The Amended Complaint fails to state a claim pursuant to 42 U.S.C. § 1983 because it does not contain any factual allegations showing that Defendants are state actors.  *See Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016) ("The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law").  Plaintiff's Motion to Proceed also does not contain any factual allegations showing that Defendants were acting under color of state law.  The Amended Complaint and Motion to Proceed do not identify any other federal statutory or constitutional provisions to support federal question jurisdiction over this matter.  *See Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986) ("The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law").

The Court dismisses Plaintiff's claim pursuant to 42 U.S.C. § 1983 for failure to state a claim.  Having dismissed Plaintiff's federal law claims, the Court declines to exercise supplemental jurisdiction of Plaintiff's state law claims.  *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

**IT IS ORDERED** that:

(i)   Plaintiff's Motion to Proceed, Doc. 8 filed November 3, 2023, is **DENIED.**

(ii)  This case is **DISMISSED without prejudice.**

_____
**UNITED STATES DISTRICT JUDGE**